## No. 178
## McCOWN v. BUNTING et

Ohio Appeals, 7th Dist., Columbiana Co.

No. 291.   Decided Dec. 3, 1925

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

707.  LEASES—When a lease acquires the character of an appurtenance, future owners of the property subject to such lease are estopped from denying that such lease is an appurtenance and cannot object to its transfer or assignment.

WASHBURN, J.

A owned parcel No. 1 lot; A and X owned parcel No. 2 lot in common.  A and X constructed on said parcel No. 2 a dwelling, the stairway of which extended onto Parcel No. 1, a part of said Parcel No. 1 being used as ingress and egress to said building.

A as lessor executed to X a 30 year lease on part of Parcel No. 1, permitting such use, there being a covenant in said lease forbidding assignment thereof.  A died, devising Parcel No. 1 to D, his wife, subject to the conditions of said lease.  D. by A's death, also acquired the interest in parcel No. 2.

X brought proceedings to partition parcel No. 2, describing said lease as an appurtenance thereto.  D. filed answer, also praying for partition, or if that could not be done without manifest injury to the property, that same be sold.

Said Parcel No. 2 was sold by the sheriff to X.  D. then sold Parcel No. 1 to George Mc-Cown, at the same time X sold Parcel No. 2 to Mary Bunting, with said lease as an appurtenance thereto.

McCown filed this action to have said lease declared null and void and to compel Bunting to remove a stairway from Parcel No. 1.  The Columbiana Common Pleas refused such action.  On appeal the Court of Appeals held:

1.  Taking into consideration the situation of the parties and all the circumstances and all the provisions of said lease, the same was, and was intended to be, assignable with and as an appurtenance to Parcel No. 2, without the consent of the owner of Parcel No. 1.

2.  In view of the fact that the owner of Parcel No. 1 permitted sale of Parcel No. 2 with said lease as appurtenance thereto, without reservation as to future sale, she in effect waived the provision against assignment, and was estopped thereafter from objecting to such a sale.

3.  Purchaser of Parcel No. 1 took same thereafter subject to said appurtenance and could not assert the right of A to object to a future sale of said lease as part of Parcel No. 2.

Decree accordingly.

Attorneys—Chas. Boyd, East Liverpool, for McCown; W. A. O'Grady, Wellsville, for Bunt-

---

## No. 179
## SCHROEDER et v. WERNERT

Ohio Appeals, 6th Dist., Lucas Co.

No. 1581.   Decided Jan. 4, 1926

54.  AGENCY—Contract of agency not binding on principal where power of agent is dependent on a condition precedent.

995.  RATIFICATION—Whether or not an unauthorized sale of agent was ratified by principal, is a matter for jury to determine.

RICHARDS, J.

A contract entered into by and between one Burkett, a contractor, and Henry Wernert, a lot owner whereby Burkett was to build a house on the lot owned by Wernert; and after the completion of same, to have the power to sell said house and make a distribution of the proceeds.

Subsequently to this agreement, but prior to the completion of the house, Burkett entered into a written contract with George Schroeder agreeing to sell him said house.

Wernert refused to consummate this transaction and Schroeder brought action to recover $6000 alleged to have been lost by him through this real estate transaction.

The Lucas Common Pleas charged the jury that the contract between Burkett and Wernert did not authorize Burkett to sell the property before completion, and if there could be any recovery at all it would have to be on the principle of ratification.  Schroeder prosecuted error on said charge.  The Court of Appeals held:

1.  Where a contract between a lot owner and contractor authorizes said contractor to sell after completion, the contractor as agent of the owner, is not empowered to enter into a contract of sale until after the building is completed.

2.  Whether or not such contract of sale was ratified by owner, is a matter for the jury to decide.

Judgment affirmed.

Attorneys—Wm. H. McLellan and F. A. Carabin for Schroeder et; Fraser, Hiett, & Wall and Geo. E. Effler for Wernert; all of Toledo.